**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

In re:

BF Chinatown LLC                                              Case No. 22-11143-KHK

Debtor                                                                  (Chapter 11)

**Memorandum Opinion**

This matter is before the Court pursuant to BF Chinatown, LLC's Application to Employ John P. Forest, II as counsel to the Debtor in Possession (Docket No. 8), and the Objection thereto (Docket No. 23) filed by Terrell Place Property LLC, a pre-petition creditor of the Debtor.  A hearing was held on this matter on November 8, 2022, at which the Debtor's proposed counsel, counsel for Terrell Place, Raymond Rahbar (the Debtor designee and owner of the Debtor), and the Office of the United States Trustee appeared and presented argument.  Terrell Place has argued that Mr. Forest is not disinterested for purposes of retention under 11 U.S.C. § 327(a) and the U.S. Trustee orally echoed those arguments at the hearing.  For the reasons that follow, the Court will sustain the objection and will not approve the Debtor's Application to Employ Mr. Forest.

**Findings of Fact**

On August 30, 2022, the Debtor filed a petition under Chapter 11 of Title 11 of the United States Code.  On September 5, 2022, the Debtor filed the Application, along with a supporting declaration from Mr. Forest (the "Declaration") that disclosed the following relevant information:

- "Prior to filing the petition for relief, I represented 8533 Georgetown Pike LLC in a bankruptcy proceed before this Court. Raymond Rahbar, who holds the equity interests in BF Chinatown LLC also held the equity interests in 8533 Georgetown Pike LLC."

- "I undertook this earlier representation of 8533 Georgetown Pike LLC based upon a referral by some of the principals of Mahdavi Bacon Halfhill & Young, PLLC."

- "I am a sub-tenant of Mahdavi Bacon Halfhill & Young, PLLC".

- "I hold no interest adverse to the Estate of the Debtor or any other party in interest, including the Office of the U. S. Trustee or individuals he employs."

Docket No. 8-1.

On September 23, 2022, Terrell Place filed their Objection to the Application. Therein, Terrell Place asserted that Mr. Forest is not disinterested for purposes of retention because (i) Mr. Forest previously represented 8533 Georgetown Pike LLC, an entity owned by Mr. Rahbar, in Case No. 21-11000-BFK and that case was dismissed as a bad faith filing. See Case No. 21-11000-BFK, Docket No. 110; (ii) BF Chinatown allegedly used Paycheck Protection Program ("PPP") loan funds to pay Mr. Rahbar $21,585.00 and $410,000 to entities that he controls for a total of forty-one (41%) of the PPP loan funds that BF Chinatown received; and (iii) BF Chinatown apparently claimed $1.8 million in expenses on its taxes for 2020 even though, according to Terrell Place, it never opened for business. Docket No. 23, pp. 6-7.

Terrell Place also notes the following transfers from the BF Chinatown bank account:

- Check No. 9004 payable to 8533 Georgetown Pike, LLC for $260,000.00
- Check No. 9027 payable to AMC Building, Inc. for $50,000.
- Check No. 1076 payable to AMC Building Group, Inc. for $50,000.00.
- Check No. 1052 payable to BYND Holding for $40,000.00.
- Check No. 1053 payable to John Forest for $7,500.00:

Docket No. 23 pp. 7-8. Terrell Place asserts Check No. 1053 indicates that Mr. Forest received a fraudulent transfer from the BF Chinatown Bank account. Terrell Place also asserts that the other transfers were made for improper purposes and could be preferential or otherwise avoidable.

The Debtor argues that the transfers at issue should not prevent his retention because (i) the $260,000 payment was a market rate rent for the use of a real property owned by 8533 Georgetown Pike, LLC. The property is located at 8533 Georgetown Pike, McLean, Virginia; and (ii) the $7,500 retainer paid by the Debtor was intended to serve as a reimbursement to Mr. Rahbar of funds he advanced to the Debtor for expenses he had incurred for the benefit of BF Chinatown.

The Court notes that the disclosure of compensation filed by Mr. Forest in the Georgetown Pike case indicated that the pre-petition $7,500 retainer had been paid by Mr. Rahbar—it did not disclose that the retainer was paid directly by BF Chinatown.

**Conclusions of Law**

Section 11 U.S.C. § 327(a) provides with the court's approval, a debtor may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

The relevant inquiry for retention is the relationship and connections between the Debtor and the proposed professional, not the debtor or it's owner's pre-petition activity, unless that activity demonstrates that proposed counsel holds an interest materially adverse to the estate. The burden is on the objecting party to prove that proposed counsel holds such an adverse interest and that such interest is actual rather than speculative and is material enough to give rise to a bias against the debtor or an economic interest that jeopardizes the professional's loyalty.

In representing a debtor in a Chapter 11 case, counsel must be disinterested. 11 U.S.C. 327(a). It is well accepted that counsel for the debtor is not disinterested where counsel also, simultaneously, represents the recipient of a potentially avoidable transfer. *In re Dickson Properties, LLC*, No. 11-11656-BFK, 2012 WL 2026760, at *6 (Bankr. E.D. Va. June 5, 2012). As a result, if counsel himself is the recipient of a potential avoidable transfer, he is likewise not disinterested.

Also relevant to this dispute are the ethical rules applicable to Virginia attorneys. Local Rule 2090–1(I) of this Court provides: "[t]he ethical standards relating to the practice of law in this Court shall be the Virginia Rules of Professional Conduct now in force and as hereafter modified or supplemented." Rule 1.7 of the Virginia Rules of Professional Conduct provides as follows:

**Rule 1.7. Conflict of Interest: General Rule**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or **by a personal interest of the lawyer. (Emphasis added.)**

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client consents after consultation, and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) the consent from the client is memorialized in writing.

In this case, it appears from the face of the documents before the Court that BF Chinatown paid $7,500 to Mr. Forest and that Georgetown Pike received legal services as a result. In other words, the documents before the Court seem to demonstrate a prima facie constructively fraudulent transfer, in that BF Chinatown did not receive reasonably equivalent value for the $7,500 it transferred to Mr. Forest at a time when Terrell Place asserts that BF Chinatown was insolvent, which insolvency the Debtor has not disputed. The Debtor and its proposed counsel assert the retainer paid by the Debtor was intended to serve as a reimbursement to Mr. Rahbar of funds he advanced to the Debtor for expenses he had incurred for the benefit of BF Chinatown. However, there is no evidence beyond Mr. Rahbar's declaration before the Court—the Court does not have before it any documentary evidence of the purported expenses that Mr. Rahbar asserts he advanced to the Debtor.

The Court will not decide at this stage that a fraudulent transfer has actually occurred or whether Mr. Forest's defenses would be successful when fully tried on the merits; however, the Court finds that the concern regarding fraudulent transfer actions against Mr. Forest is not merely speculative.

Because he appears to be the recipient of a fraudulent transfer from BF Chinatown, the Court finds that Mr. Forest holds a personal interest that is materially adverse to the estate. Mr. Forest's interest in retaining the $7,500 is an economic interest that jeopardizes his loyalty to the Debtor, thereby rendering him not disinterested for purposes of section 327(a). Further the Virginia ethics rules also seem to prohibit this representation as "there is significant risk that the representation of one or more clients will be materially limited by… a personal interest of the lawyer." Rule 1.7(a)(2). While Rule 1.7(a) and (b) prohibit representations where one client is directly adverse to another, or where the representation involves an assertion of a claim by one client against the other, the Court finds that the same concerns apply where a lawyer holds the directly adverse interest and where the representation would involve the assertion of a claim by the client against the lawyer. Accordingly, for all these reasons, the Court finds that Mr. Forest should be disqualified from representing the Debtor in this matter. Based on the court's dispositive ruling with respect to the $7,500 retainer, the Court declines to address any of the remaining arguments for disqualification.

It bears noting that the proposed counsel here appears to hold loyalty not to the Debtor that filed this case, but instead, to Mr. Rahbar, the equity holder of both the Debtor and Georgetown Pike. That loyalty stands in contrast to the obligations of loyalty imposed upon counsel by the Bankruptcy Code, Local Rules of this Court and Virginia ethics rules. *See In re Dickson Properties, LLC*, No. 11-11656-BFK, 2012 WL 2026760, at *8 (Bankr. E.D. Va. June 5, 2012) (court noting that loyalty to the debtor's equity holder rather than the debtor was a "fundamental misunderstanding of the role of Chapter 11 debtor's counsel" and resulted in an insoluble conflict of interest for proposed counsel).

The Court will issue a separate order consistent with the findings and conclusions in this memorandum opinion.

Date:  Dec 21 2022

/s/ Klinette H Kindred
Klinette H. Kindred
United States Bankruptcy Judge
Entered On Docket: December 22, 2022

<u>Electronic copies to</u>:

John P. Forest, II
*Proposed Counsel to the Debtor*

James D. Sadowski (VSB #38326)
*Counsel for Terrell Place Property, LLC*

Jack Frankel
*Office of the U. S. Trustee*